**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD SATISH EMRIT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 24-CV-0129** |
| | : | |
| **SEAN "P. DIDDY" COMBS, *et al.*** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J. JANUARY 18, 2024

Plaintiff Ronald Satish Emrit, a frequent *pro se* litigator, has filed a *pro se* complaint raising civil claims and a motion to proceed *in forma pauperis*.[1] For the reasons set forth, the Court will grant Emrit leave to proceed *in forma pauperis*, dismiss the Complaint, and direct Emrit to show cause why a pre-filing injunction should not be entered to prevent him from filing *pro se* cases in the United States District Court for the Eastern District of Pennsylvania that are duplicative of cases Emrit filed in other courts or for which this Court lacks venue.

---

[1] Emrit has an extensive history of abusing the privilege of proceeding *in forma pauperis* and "has been acknowledged as a vexatious litigator in at least six district courts." *Emrit v. Universal Music Grp.*, No. 19-05984, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019). A search of federal court docket records reveals that Emrit has filed over 250 federal lawsuits since 2013 in courts around the country. A Westlaw search of all federal courts for "Ronald Satish Emrit" yields scores of orders and opinions. A sampling of these orders indicates that most, if not all, of his cases were accompanied by applications to proceed *in forma pauperis* and were dismissed for improper venue or for failure to state a claim upon screening under 28 U.S.C. § 1915(e)(2). Emrit was recently denied the privilege of proceeding *in forma pauperis* in United States District Court for the Northern District of Texas in *Emrit v. Pratt*, Civ. A. No. 23-344 (N.D. Texas) upon a finding that he had abused the privilege by filing frivolous lawsuits, noting he had been repeatedly sanctioned by federal courts. (*Id*. ECF No. 5 (Order of Apr. 4, 2023).)

## I. FACTUAL ALLEGATIONS[2]

In this action, Emrit names as Defendants Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records. (Compl. at 2-3.) He seeks $45 million in damages because "defendants have become a public nuisance after the filing of a lawsuit by Cassandra Ventura . . . who was signed to Bad Boy Entertainment on or around 2005." (*Id*. at 1-2.) He also contends the Defendants tortiously interfered with his music career, as well as those of Ventura and others including Usher Raymond and 50 Cent. (*Id*. at 2.) Finally, he asserts that they have "committed the commercial tort of products liability in the form of a manufacturing defect or design defect" to which strict liability applies. (*Id*.) Emrit invokes the Court's subject matter jurisdiction based on diversity of citizenship, although he does not provide any allegations about the citizenship of the named Defendants,[3] and also asserts federal question jurisdiction "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause. (*Id*. at 3.)

While his contentions are largely incomprehensible, briefly stated, Emrit alleges that he filed a prior lawsuit against Atlantic Records because it had a duty to know that a person named Richard Shaw and his partner Anthony Wayne Sterago were fraudulently claiming to be connected

---

2 The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

3 In a section of the Complaint in which Emrit asserts the alleged basis for the Court's exercise of jurisdiction, he states there is "a rebuttable presumption that there is complete diversity of jurisdiction between [himself] and the defendant given that the principle place of business (ppb) and/or nerve center of Morgan & Morgan is not in Florida." (*Id*. at 3.) Morgan & Morgan is not a named Defendant in this case. The Court presumes that Emrit cut and pasted this paragraph from one of his many other federal court complaints without exercising the diligence required by Federal Rule of Civil Procedure 11 (stating that every pleading submitted to the Court must be signed by an attorney or unrepresented party, and that by presenting the pleading to the Court thereby certify "that to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose" and "the factual contentions have evidentiary support . . . .").

to Atlantic's founder, Ahmet Ertegun and Ertegun's nephew. (*Id*. at 4.) Emrit met Ertegun at the 2006 Grammy Awards and later wrote him a letter about Shaw and Sterago. (*Id.*) Ertegun's assistant called Emrit to tell him that Atlantic passed on his demo CD and encouraged him to sign a records deal with another company. (*Id*. at 5.) Emrit allegedly signed with Ten Karat Gold Productions and Tuff-Stuff Recording and came to know a person named Kerry Moore-Purnell in the Maryland Department of Business and Economic Development, who also worked for Richard Shaw. (*Id*.) According to Emrit, Shaw and Ertegun both mysteriously died thereafter. (*Id*.) He asserts that although his communications with Ertegun "have little or nothing to do with Sean 'P Diddy' Combs and Bad Boy Entertainment, [Emrit] argues that he still has standing, causation, and redressability to file a lawsuit against both Sean 'P. Diddy' Combs and Bad Boy Entertainment because both Sean 'P. Diddy' Combs and Bad Boy Entertainment are in 'privity of contract' with Atlantic Records and Julie Greenwald and [Emrit] has had previous litigation against both Atlantic Records . . . and Warner Music Group. . . ." (*Id*.)

Emrit's "public nuisance" claim against Combs is based on an allegedly now lost endorsement deal Combs had with Macy's to distribute Ciroc vodka. (*Id*. at 6.) He asserts that Combs's billboards for Ciroc vodka "on the streets an [sic] highways are an 'eye sore' and public nuisance given his newfound status as a sexual predator who has committed the crimes of pimping and pandering, human trafficking, kidnapping, false imprisonment, and white slavery of a Latina woman in North Carolina (perhaps a reference to Cassandra Ventura, but entirely unclear) according to the hearsay testimony of his bodyguard Gene Deal who should be placed in the witness protection program." (*Id*.) The tortious interference claim is based on the named Defendants "continuing to enable a sexual predator," Combs, "to conduct business in places of public accommodation such as billboards." (*Id*.) The products liability claim is apparently based

on allowing Combs to represent Ciroc vodka at department stores like Macy's, but is otherwise incomprehensible. (*Id.*) Emrit concedes that his not a shareholder of either Bad Boy Entertainment or Atlantic Records who can bring a shareholder derivative action, but may still assert his claims "given that he is a consumer of music and music videos and he often operates a motor vehicle on highways in which he sees the annoying billboards . . . for Ciroc vodka which encourages drunk driving. . . ." (*Id.* at 7.) He also asserts he has standing to bring suit "as a concerned American who wants to prevent an Al Capone or Pablo Escobar-like figure from having ant [sic] influence over the music business or recording artists. . . ." (*Id.* at 8.) In addition to money damages, he also seeks an order putting Bad Boy Entertainment into bankruptcy or receivership proceedings. (*Id.*)

Emrit's case in this Court was opened on January 8, 2024 when his application to proceed *in forma pauperis* was docketed. (*See* ECF No. 1.) A review of publicly available records from other federal courts reveals that, to date, Emrit has filed the identical complaint in at least two other federal districts. *See Emrit v. Combs*, Civ. A. No. 24-89 (D. Md.), *Emrit v. Combs*, Civ. A. No. 24-7 (N.D. Fl.). The Maryland case was filed on January 9, 2024 along with an application to proceed *in forma pauperis*. The Florida case was filed on January 10, 2024 along with an application to proceed *in forma pauperis*.[4]

## II. STANDARD OF REVIEW

As Emrit appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is

[4] The last case Emrit filed in this Court, *Emrit v. Univ. of Virginia Darden Sch. of Bus.*, Civ. A. No. 23-1405 (E.D. Pa.) (dismissed for failure to prosecute), was also filed in at least one other federal court. *See Emrit v. Univ. of Virginia Darden Sch. of Bus.*, Civ. A. No. 23-17 (W.D. Va.).

frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

In addition, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). '"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Emrit is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, '"pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

## III. DISCUSSION

### A. Venue

Venue for Emrit's claims does not appear to be proper in the Eastern District of Pennsylvania. Venue is only proper in a judicial district "(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper." *Park Inn Intern., LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 375 (D.N.J. 2000) (summarizing the statutory venue requirements of 28 U.S.C. § 1391(a)). "A court may . . . raise considerations of venue *sua sponte*." *Garcia v. Pugh*, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996) (citing *Kirby v. Mercury Sav. and Loan Ass'n*, 755 F. Supp. 445, 448 (D.D.C. 1990)). A plaintiff's "choice of forum is a paramount consideration that should not lightly be disturbed." *Ayling v. Travelers Prop. Casualty Corp.*, No. 99-3243, 1999 WL 994403, at *2 (E.D. Pa. Oct. 28, 1999). "However, courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) (citing *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993)). Emrit does not allege that any named Defendant resides in the Eastern District of Pennsylvania, there is no indication that any event he describes occurred here, and there is no suggestion that the Court could exercise personal jurisdiction over any named Defendant. Indeed, as noted, his only assertion about jurisdiction concerns an entity that is not even connected with the events Emrit describes, and that he appears to have copied from some other pleading. Because transferring this case to another district where venue might be appropriate is a waste of judicial resources, the Court will instead dismiss the case on statutory screening for the following reasons.

**B. Claims Brought on Behalf of Cassandra Ventura and Others**

Emrit is the only named plaintiff and only he signed the Complaint. To the extent that he seeks to assert claims on behalf of Cassandra Ventura, Usher, 50 Cent or anyone else for the Defendants' alleged tortious interference with their music careers, those claims cannot proceed. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Although an individual may represent himself *pro se*, a non-licensed and admitted attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d

Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit). Under this principle, Emrit may not assert claims on behalf of others. Accordingly, any claim purported to be asserted on behalf of any other person is dismissed without prejudice.

**C. Emrit's Federal Law Claims**

Emrit appears to bring claims on his own behalf and asserts federal question jurisdiction "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause. (Compl. at 3.) Emrit alleges no facts to support a claim under any of these provisions. He fails to allege a Title VII or ADA claim because he does not allege he was an employee of, or ever sought employment with any named Defendant. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (stating that a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him); *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 494 (3d Cir. 1995) (citing *Tx. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)) (to state a claim based on discriminatory failure to hire under Title VII, a plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for the position; (3) despite his qualifications he was rejected for the position; and (4) he was rejected for the position "under circumstances that give rise to an inference of unlawful discrimination."); *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001) (to state a claim for employment discrimination under the ADA, a plaintiff must allege that she is a "qualified individual with a disability" within the meaning of the ADA, and that she suffered an adverse employment decision as a result of the discrimination).

Emrit's constitutional claims are not plausible because he does not allege that any of the named defendants are "state actors" as that term is used in 28 U.S.C. § 1983, the vehicle by which constitutional claims may be asserted in federal courts. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). Accordingly, all federal law claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. State Law Claims**

Because the Court has dismissed Emrit's federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that,

in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Emrit does not allege the citizenship of Combs, Bad Boy Entertainment, or Atlantic Records. His allegation of his own state citizenship is vague in that he asserts he is "resident" of both Florida and Maryland where he spends one-half of each year, respectively. As noted, Emrit contends there is a "rebuttable presumption" that diversity exists due to the alleged principal place of business of an entity that is not even a party to this case. This assertion is legally frivolous. There is no rebuttable presumption of diversity; rather, it is Emrit's burden to establish that this Court may exercise subject matter jurisdiction over his case. Since he has failed to meet that burden, the state law claims are dismissed for lack of jurisdiction.

**E. Prefiling Injunction**

The Court has noted Emrit's long and disturbing history of abusing the privilege of being granted *in forma pauperis* status in federal courts to pursue frivolous, non-meritorious, and/or repetitive claims for which he has been sanctioned by other courts. The Court has also noted his propensity to file the same case in more than one federal district court. This waste of scarce judicial resources cannot be permitted to continue in the United States District Court for the Eastern District of Pennsylvania.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The United States Court of Appeals for the Third Circuit

has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Because of Emrit's litigation conduct, in the Order that dismisses this case, Emrit is given notice to show cause in a response not exceeding ten (10) pages stating why the Court should not impose a prefiling injunction directing the Clerk of Court to refuse to accept future new cases Emrit seeks to file in this Court unless he includes a signed declaration certifying under penalty of perjury that: (1) he has not previously filed the same action, or a substantially similar action in any other court in the United States, (2) will not file the same action or a substantially similar action in any other court in the United States after his case is accepted for docketing in this Court, (3) venue is appropriate in this Court, providing the basis for that assertion, and (4) this Court has subject matter jurisdiction over Emrit's claims and may exercise personal jurisdiction over the named parties, and providing the basis for this Court's ability to exercise jurisdiction. The Court finds that the scope of such an order is narrowly tailored to prevent Emrit from continuing to file cases in this Court while filing the same case in other federal courts simultaneously, and to prevent him from filing cases over which this Court lacks either subject matter jurisdiction or where venue is

not appropriate, while still permitting Emrit access to the Court to file cases that are properly filed in this Court and nowhere else.

## IV. CONCLUSION

For the reasons stated, Emrit's own federal claims are dismissed with prejudice. The claims brought on behalf of others and all of Emrit's state law claims are dismissed without prejudice. The dismissal Order that also directs Emrit to show cause why a prefiling injunction should not be entered, will be filed separately. *See* Federal Rule of Civil Procedure 58.

*NITZA QUIÑONES ALEJANDRO, J.*